```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
```

| | |
|---|---|
| STEVEN SANZONE, | NOT FOR PRINT OR ELECTRONIC PUBLICATION |
| Plaintiff, | |
| -against- | **MEMORANDUM AND ORDER** |
| DISTRICT ATTORNEY DANIEL M. DONOVAN, ASSISTANT DISTRICT ATTORNEY DUNCAN BROWN, and ATTORNEY ROBERT DePALMA, | 09-CV-2878(KAM) |
| Defendants. | |

```
----------------------------------------X
```

**MATSUMOTO, United States District Judge:**

On July 7, 2009, Steven Sanzone ("plaintiff") commenced this *pro se* action against Richmond County District Attorney Daniel M. Donovan ("Donovan"), Assistant District Attorney Duncan Brown ("Brown"), and attorney Robert DePalma ("DePalma," and together with Donovan and Brown, "defendants"), alleging violations of his civil rights pursuant to 42 U.S.C. §§ 1983 and 1985. Defendant DePalma now moves for an order pursuant to Fed. R. Civ. P. 15(a) granting him leave to amend his answer to assert as an affirmative defense the expiration of the statute of limitations, and for an order pursuant to Fed. R. Civ. P. 12(c) for judgment on the pleadings dismissing the complaint. Defendants Donovan and Brown also move to dismiss for failure to state a claim pursuant to Fed. R. Civ. P.

1

12(b)(6). For the reasons set forth below, defendant DePalma's motion to amend his answer is granted, the defendants' motions to dismiss and for judgment on the pleadings are granted and the complaint is dismissed. The court also denies as futile plaintiff's request to file an amended complaint.

**BACKGROUND**

The following facts are taken from plaintiff's complaint, which the court must assume to be true for the purpose of resolving defendants' motion to dismiss and motion for judgment on the pleadings. Where indicated, the factual background is supplemented by facts and information drawn from documents external to the complaint, which plaintiff explicitly references, relies upon or cites to within the Complaint, or are in the purview of judicial notice. These external documents have been provided to the court as attachments to the defendants' motion to dismiss and for judgment on the pleadings.

On October 25, 2005, plaintiff was arrested and indicted by a grand jury of three counts of intimidating a witness in the third degree (N.Y. Penal Law § 215.15(1)); one count of criminal contempt in the first degree (N.Y. Penal Law § 215.51(b)); two counts of aggravated harassment in the second degree (N.Y. Penal Law § 240.30(1)(b)); and one count of criminal contempt in the second degree (N.Y. Penal Law

2

§ 215.50(3)). (ECF No. 35, Ex. B, Indictment No. 310/2005 dated October 25, 2005.) On November 14, 2005, plaintiff pleaded guilty to criminal contempt in the first degree, a class E felony. (*Id.*, Ex. C, Transcript of Plea Allocution, dated November 14, 2005 ("Tr.").) Plaintiff allocuted under oath that his plea of guilty was voluntary, of his own free will, and that he was "100% satisfied" with the work of his attorney. (*Id.* at 6-7.) He told the court that he had no questions at all about the plea agreement or the sentence he could receive. (*Id.* at 7.) Plaintiff was sentenced on January 5, 2006. (ECF No. 31, Ex. F, Transcript of Sentencing, dated January 5, 2006.)

## **PROCEDURAL HISTORY**

On July 7, 2009, plaintiff filed the instant Complaint, alleging that defendants "trick[ed] [him] into pleading guilty to charges not on the indictment" and "conspired to have [him] plead guilty to more serious charges that were not on the original indictment." (ECF No. 1, Complaint ("Compl.") at 1-2.) Plaintiff seeks to have all state criminal charges against him dismissed and to recover $10,000,000 in damages from each defendant. (*Id.* at 2.)

Defendant DePalma filed his Answer on August 20, 2009, denying the plaintiff's allegations and alleging affirmative defenses. (ECF No. 6, Answer.) On February 10, 2010, defendant

3

DePalma filed a Motion for Leave to Amend His Answer and for Judgment on the Pleadings, pursuant to Rule 12(c) on the following grounds, that: (1) defendant should be given leave to amend his answer to add the affirmative defense of the expiration of the statute of limitations; (2) plaintiff's claims are time barred; (3) plaintiff's claims are barred pursuant to the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994); and (4) defendant is not a state actor subject to the court's jurisdiction under § 1983. (ECF No. 30, Ex. 1, Mem. of Law in Support of Def. Robert DePalma's Mot. for Leave to Amend His Answer and for Judgment on the Pleadings ("DePalma Mem.").)

On February 16, 2010, defendants Donovan and Brown filed a Motion to Dismiss pursuant to Rule 12(b)(6) or in the alternative for Summary Judgment pursuant to Rule 56, and served a Notice to Pro Se Litigant Pursuant to Local Rule 12.1. Defendants Donovan and Brown set forth similar arguments regarding the statute of limitations and the bar pursuant to *Heck v. Humphrey* and also argue that: (5) defendants Donovan and Brown are immune from liability; (6) plaintiff has failed to allege a conspiracy claim; and (7) any state law claims must be dismissed for failure to comply with New York state law. (ECF No. 36, Mem. of Law in Support of Defendants [Donovan's and

Brown's] Mot. to Dismiss the Compl. Pursuant to Rule 12(b)(6) ("Defs'. Mem.").)

On March 2, 2010, plaintiff filed memoranda in opposition to defendant DePalma's motion for judgment on the pleadings and defendant Donovan's and Brown's motion to dismiss. (ECF No. 32, Mem. of Law in Support of Pl.'s Opp. to Def. DePalma's Mot. for Leave to Amend His Answer, for a Judgment on the Pleadings and for Leave for Plaintiff to Amend Complaint ("Pl. Opp. to DePalma Mot."); ECF No. 37, Mem. of Law in Support of Pl.'s Opp. to Defs. Donovan and Brown's Mot. to Dismiss for Leave to and for Leave for Pl. to Amend Complaint ("Pl. Opp. to Donovan and Brown Mot").)  Plaintiff further requested leave to amend his complaint should the court find any deficiencies therein.  (ECF No. 32, Pl. Opp. to DePalma Mot., at 19; ECF No. 37, Pl. Opp. to Donovan and Brown Mot., at 22-23.)  Defendants filed reply memoranda in response to plaintiff's opposition memoranda.  (ECF No. 32, Ex. 1, Def. DePalma's Reply in Further Support of His Mot. to Dismiss; ECF No. 38, Defendants' Reply Mem. of Law in Further Support of Their Mot. to Dismiss the Complaint.)

**DISCUSSION**

**I.   Standard**

In considering a motion to dismiss or a motion for judgment on the pleadings pursuant to Rule 12, the court construes the complaint liberally, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (citing *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001)); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007).[1]  Additionally, as plaintiff is proceeding *pro se*, his complaint is held to less stringent standards than pleadings drafted by lawyers, *Pardus*, 551 U.S. at 94, and the court is obliged to construe his pleadings liberally and to interpret them as raising the strongest arguments they suggest, *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006). Nevertheless, in order to survive a motion to dismiss, the plaintiff must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1950 (2009).

---

[1] The legal standards of review for motions to dismiss and motions for judgment on the pleadings are indistinguishable.  *See LaFaro v. New York Cardiothoracic Gr., PLLC*, 570 F.3d 471, 475-76 (2d Cir. 2009).

**II. Application**

    **a. DePalma's Motion to Amend**

Defendant DePalma first seeks leave pursuant to Fed. R. Civ. P. 15 to amend his answer to assert a statute of limitations defense. (ECF No. 30, Ex. 1, DePalma Mem., at 9-10.) Under Rule 15(a), leave to amend shall be freely granted. Only where the amendment would be futile, there has been undue delay, bad faith, a dilatory motive on the part of the movant, a repeated failure to cure deficiencies by amendments previously allowed, or where undue prejudice to the opposing party by virtue of allowance of the amendment would occur should leave be denied. *Forman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiff's argument that "Defendant DePalma should not be granted Leave to Amend his Answer as this Defendant has previously submitted an answer in this matter," (ECF No. 32, Pl. Opp. to DePalma Mot., at 6), does not establish any of the factors that would preclude the amendment.

As DePalma notes, his motion for leave to amend was made shortly after the answer, the parties have not thus far expended much time or effort on discovery and will not be caused to incur additional resources on discovery and to prepare for a disposition of this case, nor will the disposition of the case be delayed if defendant's motion is granted. *Forman*, 371 U.S. at 182. Plaintiff opposes the amendment, claiming that granting

7

leave to do so would violate Fed. R. Civ. P. 12(c) because DePalma has already answered the complaint. (ECF No. 32, Pl. Opp. to DePalma Mot., at 15-16.) Plaintiff, however, does not address or oppose DePalma's arguments regarding the factors to be considered in determining whether to "freely" grant leave to amend a pleading.

The court finds that granting DePalma leave to amend his answer to include a statute of limitations defense would not violate Rule 12(c), nor contravene the factors to be considered in determining whether to grant a Rule 15 motion. DePalma's request to amend his answer is not the result of, and granting the amendment would not cause, undue delay, nor any additional prejudice or expense to the parties in achieving a disposition of this case and would not be futile. Accordingly, the court grants DePalma's motion to amend his answer to include a statute of limitations defense and deems his answer to be so amended. *Cf. Edward Andrews Group, Inc. v. Addressing Servs. Co. Inc.*, No. 04 Civ. 6731, 2005 U.S. Dist. LEXIS 30125, *10-11 (S.D.N.Y. Nov. 29, 2005) (granting defendant's motion to amend its answer to assert an affirmative defense and deeming the answer to be so amended); *Economou v. Caldera*, No. 99 Civ. 12117, 2000 U.S. Dist. LEXIS 18231, *53 (S.D.N.Y. Dec. 18, 2000) (same).

Even if the court had not granted DePalma's motion to amend his answer to add a statute of limitations defense, the

court may rule on the expiration of the statute of limitations *sua sponte*. *Wharton v. County of Nassau*, No. 07-CV-2137, 2010 U.S. Dist. LEXIS 99174, *29 n.8 (E.D.N.Y. Sept. 20, 2010) (citing *Owens v. Harris,* No. 94 Civ. 5968, 1996 U.S. Dist. LEXIS 9952 (S.D.N.Y. July 16, 1996) ("[T]he Court finds that a *sua sponte* dismissal under § 1983 'based on the statute of limitations is especially appropriate where, as in this case, the injuries complained of occurred more than [three] years before the filing of the complaint — well outside the applicable three-year limitations period, there are no applicable tolling provisions as a matter of law, and plaintiffs have alleged no facts indicating a continuous or ongoing violation of his constitutional rights.'"). The court now turns to the parties' motions to dismiss.

### b. Statute of Limitations Bar

All defendants first assert that plaintiff's claims are barred by the three-year statute of limitations in New York for §§ 1983 and 1985 claims. (ECF No. 30, Ex. 1, DePalma Mem., at 7-9; ECF No. 36, Defs'. Mem., at 4-5.) In response, plaintiff contends that the applicable statute of limitations for his claims, which he characterizes as "analogous to . . . fraud and misrepresentation," is six years and that the statute has been tolled due to the ongoing injuries he suffers and the fact that he remains on criminal probation. (ECF No. 32, Pl.

Opp. to DePalma Mot., at 11-15; ECF No. 37, Pl. Opp. to Donovan and Brown Mot., at 11-15.) Plaintiff's complaint, however, falls far short of alleging any particular facts to establish the circumstances constituting fraud as required by Fed. R. Civ. P. 9(b). *Wood ex rel. United States v. Applied Research Assocs.*, 328 Fed. App'x 744, 747 (2d Cir. 2009) (holding that a plaintiff must allege fraud with particularity; specifically, his complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.") Consequently, the court applies the three-year statute of limitations based on controlling Supreme Court and Second Circuit law, and finds that plaintiff's claims are barred by the applicable three-year statute of limitations.

In order to determine the appropriate statute of limitations under §§ 1983 and 1985,[2] federal courts must look to state law. *See Owens v. Okure*, 488 U.S. 235, 239 (1989). Where state law provides multiple statutes of limitations for personal

---

[2] Construed liberally, plaintiff appears to be making a claim of civil conspiracy under 42 U.S.C. § 1985 in addition to his claims under 42 U.S.C. § 1983. (*See* ECF No. 36, Def's. Mem., at 12-13.) However, the Second Circuit has determined that claims brought under either § 1983 or § 1985 are both governed by New York state's three-year statute of limitations. *Blankman v. County of Nassau*, 819 F. Supp. 198, 206 (E.D.N.Y. 1993), *aff'd* 14 F.3d 592 (2d Cir. 1993).

injury actions, courts should borrow the state's general or residual injury statute of limitations. *Id.* at 249-50.

New York has multiple statutes of limitations for intentional torts. The Second Circuit has consistently applied New York's three-year residual statute of limitations to § 1983 claims. S*ee, e.g., Lynch v. Suffolk County Police Dep't, Inc.*, 348 Fed. App'x 672, 674 (2d Cir. 2009). In particular, district courts in the Second Circuit have applied the three-year statute of limitations to § 1983 claims alleging facts similar to those in plaintiff's complaint. *Perez v. Doe*, No. 98 CV 5341, 2001 U.S. Dist. LEXIS 4527, *5 (E.D.N.Y. Apr. 11, 2001) (holding that plaintiff's § 1983 claims based on an allegedly coerced guilty plea were barred by the three-year statute of limitations); *see also* N.Y. C.P.L.R. § 214.5 (McKinney 2010); *cf. Schneider v. Ryan*, No. CV 94-2247, 1995 U.S. Dist. LEXIS 5834, *4 (E.D.N.Y. Mar. 24, 1995) (holding that plaintiff's *Bivens* claims based on an allegedly coerced guilty plea were barred by the three-year statute of limitations). This court will therefore apply the three-year statute of limitations prescribed by the Second Circuit.

In determining the date of accrual of the cause of action, federal law applies. *See Rene v. Jablonski*, No. 08-CV-3968, 2009 U.S. Dist. LEXIS 72533, at *13 (E.D.N.Y. Aug. 17, 2009). Section 1983 claims accrue when the plaintiff knows or

has reason to know of the injury which is the basis of his claim. *Storman v. Klein*, No. 09-4894-cv, 2010 U.S. App. LEXIS 21134, *2 (2d Cir. Oct. 12, 2010) (citing *Covington v. City of New York*, 171 F.3d 117, 121 (2d Cir. 1999)); *see also Schneider v. Ryan*, No. CV 94-2247, 1995 U.S. Dist. LEXIS 5834, *4 (E.D.N.Y. Mar. 24, 1995) ("On plaintiff's . . . claim, the statutory period commenced on . . . the date upon which plaintiff entered his allegedly coerced guilty plea.").

In rare cases, the principle of equitable tolling may prolong the allowable time for filing a complaint under § 1983. *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005) (citing *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004)). To obtain the benefit of equitable tolling, a plaintiff must demonstrate that "extraordinary circumstances prevented [him] from timely performing a required act" and that he "acted with reasonable diligence throughout the period he [sought] to toll." *Id.* Alternatively, the statute of limitations may be tolled if "the person entitled to commence an action is under disability because of infancy or insanity at the time the cause of action accrues." N.Y. C.P.L.R. § 208 (McKinney 2010).

Here, plaintiff's claim accrued on November 14, 2005, the date of his guilty plea. On that date, based on the transcript of his plea, (ECF No. 35, Ex. C.), the plaintiff was advised by the judge of his rights and the consequences of his

plea, and clearly stated under oath that he understood, that he wanted to plead guilty to a Class E felony and that no one had made promises or threats to induce his guilty plea. (*Id.*) Plaintiff's contrary allegations in his complaint and his opposition memorandum regarding the alleged improprieties leading up to his guilty plea are belied by his sworn allocution. (ECF No. 1, Compl., at 1-2.) At his plea allocution, the court informed the plaintiff that he was "pleading guilty to an E felony." (ECF No. 35, Ex. C, Tr. at 5.) The plaintiff further testified that he was pleading guilty voluntarily, of his own free will, and was "100% satisfied" with the work of his attorney. (*Id.* at 6-7.) He told the court that he had no questions at all about the plea agreement or the sentence he could receive. (*Id.* at 7.) Applying the three-year statute of limitations, because plaintiff's claim accrued on November 14, 2005, plaintiff must have filed his complaint no later than November 14, 2008 in order to be timely. However, plaintiff did not commence this action until July 7, 2009, more than seven months after his statutory period for filing expired.[3] Thus, plaintiff's § 1983 claims are untimely.

---

[3] Although not alleged in the complaint nor presented by affidavit or in other admissible form, plaintiff raises for the first time in his opposition an alleged statement purportedly made by defendant Brown to defendant DePalma, "thanks for helping us get another one," arguing that his "suspicions regarding the actions of . . . Defendants were confirmed" immediately after his sentencing in January 2006 when he claims to have overheard this statement. (ECF No. 32, Pl. Opp. to DePalma Mot., at 8.) The

Further, plaintiff has not demonstrated extraordinary circumstances that warrant equitable tolling of the three-year statute of limitations. Plaintiff's vague arguments that his injuries are "ongoing" and that it was "only through research discovery and reflection on the events that occurred that Plaintiff became aware of the unlawful acts and possibility for legal redress," (ECF No. 32, Pl. Opp. to DePalma Mot., at 15), are insufficient to toll the statute of limitations. *See, e.g., Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1391 n.9 (3d Cir. 1994). Nor has the plaintiff offered evidence of extraordinary circumstances or disability that may have impaired his ability to timely file the complaint.

Accordingly, plaintiff's claims against all defendants are dismissed as untimely.

### c. Legal Bar

Defendants next argue that plaintiff's claims are barred as a matter of law under *Heck v. Humphrey*, 512 U.S. 477 (1994), because his conviction has not been invalidated by an administrative board, state court, or in a federal habeas corpus proceeding. In response, plaintiff contends that his claim

---

statement's meaning is ambiguous and was allegedly made on the same date as plaintiff's sentencing in January 2006. Thus, even assuming for purposes of the motions that plaintiff was not aware of his claim by the date of his guilty plea in November 2005, by January 5, 2006, the date of his sentencing, plaintiff would have had reason to know if his plea was improper. Plaintiff would have had to file his action by January 2009, but did not do so until July 2009. Thus, plaintiff's action is untimely even using an accrual date of January 2006.

should not be legally barred because he was "precluded from bringing a Habeas Corpus claim." (ECF No. 37, Pl. Opp. to Donovan and Brown Mot., at 15-17.) The court finds that even if plaintiff's claims were not time barred, his claims are legally barred.

A claim for damages under § 1983 can only be brought if plaintiff's underlying conviction is overturned or invalidated by an administrative board, state court, or in a federal habeas corpus proceeding. *See, e.g., McEachin v. Selsky*, 225 Fed. App'x 36, 37 (2d Cir. 2007) (citing *Heck,* 512 U.S. at 486-87). For purposes of analysis under *Heck*, plaintiff's guilty plea is the equivalent of a criminal conviction. *Papeskov v. Brown*, No. 97 Civ. 5351, 1998 U.S. Dist. LEXIS 8355, *17 (S.D.N.Y. June 5, 1998) ("a plea of guilty, even to a charge lesser than that for which the plaintiff was arrested, bars a § 1983 action"), *aff'd* 173 F.3d 845 (2d Cir. 1999).

Plaintiff did not appeal his conviction to the New York state appellate court and his recently filed federal habeas corpus petition has not been granted.[4] Although plaintiff claims that he was "precluded" from filing a habeas corpus petition at an earlier date because he could not obtain counsel, (ECF No.

---

[4] Plaintiff's petition for a writ of habeas corpus was filed on September 28, 2010 and is currently pending in the Eastern District of New York. (*See* 10-cv-04431, ECF No. 1, Petition for Writ of Habeas Corpus.)

32, Pl. Opp. to DePalma Mot., at 18), he has since filed a *pro se* petition and could have done so at an earlier date. Therefore, because plaintiff's conviction has not been overturned, his claims under § 1983 must be dismissed.

### d. State Law Claims

Defendants further argue that to the extent plaintiff's complaint can be liberally construed to allege state law tort claims, they should be dismissed under New York General Municipal Law ("GML") § 50-e. (ECF No. 36, Def's. Mem., at 13-14.) The court agrees.

Under GML § 50-e, "notice of claim shall . . . be served . . . within ninety days after the claim arises." GML § 50-e(1)(a); *see Maier v. New York City Police Dep't*, No. 08-CV-5104, 2009 U.S. Dist. LEXIS 78821, at *8 (E.D.N.Y. Sept. 1, 2009) ("Pursuant to New York General Municipal Law § 50-e, a plaintiff who asserts a state law tort claim against a municipal entity or its employees for acts that occurred within the scope of their employment must file a notice of claim within ninety days after the incident giving rise to the claim."). Failure to timely comply with the notice requirements of GML § 50-e requires dismissal of state law tort claims against a municipal

16

entity and its employees.[5]  *Id.* at *12.  As GML § 50-e provides,
the 90-day period by which a notice of claim must be filed
commences "after the claim arises . . . ."  Section 50-e(1)(a).

As discussed *supra*, plaintiff's claims arose on the
date he pled guilty, November 14, 2005.  Plaintiff fails to
allege that he filed a notice of claim within 90 days of
entering his plea, nor does he offer any documentation of such
notice.  Thus, any potential state law tort claims arising out
of this incident are dismissed.

### e. State Actors and Immunity

Finally, defendant DePalma argues that he is not a
state actor subject to the court's jurisdiction in a § 1983
action because he did not act under the color of state law nor
did he conspire with a state actor.  (ECF No. 30, Ex. 1, DePalma
Mem., at 13-16.)  Defendant Donovan argues that the plaintiff's
claims are barred by the Eleventh Amendment to the United States
Constitution and defendants Donovan and Brown further assert
that they are protected by prosecutorial immunity and qualified
immunity.  (ECF No. 36, Def's. Mem., at 8-11.)  In response,
plaintiff does not dispute that the Eleventh Amendment bars his
claims against defendant Donovan.  Instead, plaintiff argues

---

[5] The District Attorney is an officer of Richmond County, not of the City of New York.  N.Y. Const., art. 13, § 13(a) (McKinney 2010); N.Y. County Law §§ 926-929 (McKinney 2010).  A county is a public corporation which includes a municipal corporation upon which plaintiff must first serve a notice of claim before bringing suit.  GML § 50-e; *see also Haygood v. City of New York,* 64 F. Supp. 2d 275, 277 (S.D.N.Y. 1999).

17

that the actions of defendants Donovan and Brown were more akin to "administrative and investigative categories" than "activities . . . intimately associated with the judicial phase of the criminal process" and thus prosecutorial immunity should not apply. (ECF No. 37, Pl. Opp. to Donovan and Brown Mot., at 17-18.) Plaintiff also argues that defendant DePalma is a "private person . . . jointly engaged with state officials in a challenged action" and is therefore a state actor. (ECF No. 32, Pl. Opp. to DePalma Mot., at 18-19.) As the case is dismissed on statute of limitations grounds, the court need not further address these issues.

### f. Plaintiff's Motion for Leave to Amend Complaint

The decision whether to allow plaintiff leave to amend his Complaint is left to the sound discretion of this court; however, there must be a good reason for denying plaintiffs the opportunity to replead. *Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 55 (2d Cir. 1995). One sound reason to deny plaintiffs leave to amend "is when such leave would be futile." *Id.*

Because the court has dismissed plaintiff's claims based on the expiration of the statute of limitations, there are no facts that the plaintiff could allege in an amended complaint to overcome this deficiency. The court finds that amendment of the plaintiff's complaint against the defendants would be futile and declines to grant plaintiff leave to amend.

## CONCLUSION

For the foregoing reasons, defendant DePalma's motions to amend and for judgment on the pleadings and defendants Donovan's and Brown's motion to dismiss are granted. The Clerk of Court is respectfully requested to enter judgment in favor of defendants, to dismiss plaintiff's complaint in its entirety, and to close the case. Counsel for defendants Donovan and Brown is further respectfully requested to mail a copy of this Memorandum and Order to plaintiff. Any notice of appeal to the Second Circuit must be filed with the district court clerk within 30 days after the judgment is entered. Fed. R. App. P. 4.

**SO ORDERED.**


DATED: Brooklyn, New York
November 9, 2010

_____/s/\_\_ _____
**Kiyo A. Matsumoto**
United States District Judge